# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### NOVEMBER 1997 SESSION

FILED

January 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9612-CC-00486 |
| Appellee, | ) | |
| | ) | HARDIN COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| JASON PICKENS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Alternative Sentencing) |

**FOR THE APPELLANT:**

**STEPHANIE PRENTIS (Sentencing**
615 Court Street        **Hearing)**
Savannah, TN  38372

**W. LEE LACKEY (On Appeal)**
507 Water Street
Savannah, TN  38372

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JOHN OVERTON**
Assistant District Attorney General
P. O. Box 484
Savannah, TN  38372-0484

**OPINION FILED: _____**

**AFFIRMED PURSUANT TO RULE 20**

**JOE G. RILEY,**
**JUDGE**

**O R D E R**

The defendant, Jason Pickens, entered a plea of guilty to the offense of selling marijuana over one-half ounce, a Class E felony. He received an agreed sentence of 18 months as a Standard Offender with the issue of alternative sentencing reserved for judicial determination. The sole issue presented in this appeal is whether the trial court erred in denying alternative sentencing. We AFFIRM the sentence of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

**I**

The state contends the defendant waived his right to appeal. Defendant signed a customary plea agreement form indicating a sentence of 18 months with standard language waiving the right to appeal. The transcript of the guilty plea appears to reflect an ordinary plea agreement; however, the trial court at the conclusion of the hearing noted that "further sentencing in your case is reserved" for another hearing. On a subsequent date there indeed was another hearing relating to alternative sentencing. It is apparent the parties, at the time of the plea, contemplated a hearing in which the trial judge would determine whether alternative sentencing would be appropriate. We find no indication that the defendant intended to waive his right to appeal this determination. We will address the issue on its merits.

**II**

On November 3, 1995, defendant sold over one-half ounce of marijuana to an undercover agent. Defendant claimed he was highly intoxicated and does not remember the sale. He testified he had a drug and alcohol problem for some time preceding this offense. He further testified that he was no longer consuming drugs and alcohol and was attending AA meetings and receiving psychological counseling.

2

The pre-sentence report reveals that the defendant had several prior criminal convictions over the past ten (10) years. He had prior convictions for disorderly conduct, two (2) violations of the open beer law, failing to stop at the scene of an accident, two (2) convictions for driving while intoxicated in the State of Georgia, and a 1993 conviction for reckless endangerment with a deadly weapon. For the latter felony offense, he received a two-year sentence with all but four (4) months suspended. His probation on that conviction had expired only two (2) months prior to the commission of the present offense.

The trial court noted that defendant was entitled to a presumption of being a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). The trial court, nevertheless, concluded that prior efforts at rehabilitation had failed and further noted that this offense was committed only a short time after his prior probation had expired.

After thoroughly reviewing the record, the briefs, and the law governing the issue presented by the defendant, we conclude that the trial court did not err by denying alternative sentencing.[1] Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we AFFIRM the sentence of the trial court.

 

 

_____
JOE G. RILEY, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID G. HAYES, JUDGE

_____

[1] We note defendant will be eligible for a suspended sentence, pursuant to Tenn. Code Ann. § 40-35-501(a)(3), after serving only a portion of his sentence in confinement.

3